| | |
|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT |
| 2 | FOR THE NORTHERN DISTRICT OF CALIFORNIA |

MELVIN DUKES,                                                    No. C 09-5784 SBA (PR)

       Petitioner,                                        **ORDER OF DISMISSAL**

  v.

E. R. JONES,

       Respondent.
_____/

    Petitioner, a state prisoner, filed this <u>pro se</u> action in the United States District Court for the Eastern District of California. In an Order dated November 20, 2009, Magistrate Judge Craig M. Kellison of the Eastern District ordered it transferred to this Court on venue grounds.[1]

    On December 15, 2009, the instant case was received by this Court. On that same date, the Clerk of the Court sent Petitioner a notice that this case had been transferred to this Court.

    In an Order dated December 17, 2009, the Court directed Petitioner to inform the Court of his continued intent to prosecute this action. The Court informed Petitioner that if he failed to do so within thirty days, this action would be dismissed without prejudice for failure to prosecute. The Order was sent to Petitioner at his last known address, Salinas Valley State Prison.

    On December 28, 2009, Petitioner filed a letter with the Court; however, he failed to inform the Court of his continued intent to prosecute.

    On February 11, 2010, the Clerk of the Court responded to Petitioner's December 28, 2009 letter and directed Petitioner to file a motion for an extension of time to respond to the Court's December 17, 2009 Order because the deadline to do so had passed. The Clerk's letter was returned on February 18, 2010, as undeliverable with a notation: "Return to Sender–Inmate Refused."

---

[1] Magistrate Judge Kellison indicated that he was unable to determine whether to construe Petitioner's case as a civil rights action or a habeas corpus action, stating:

> It is unclear whether petitioner is actually challenging a prison discipline or is complaining about the conditions of his confinement. If the latter, his remedy lies in a civil rights action under 42 U.S.C. § 1983. <u>See</u> <u>Rizzo v. Dawson</u>, 778 F.2d 527, 531-32 (9th Cir. 1985). Either way, the proper court to raise these issues is the Northern District.

(Nov. 20, 2009 Order at 1 n.1.)

| | |
|---|---|
| 1 | More than thirty days have passed since the Court issued its December 17, 2009 Order, and Petitioner has failed to communicate with the Court since his December 28, 2009 letter. A district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). See Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). The court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. See Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987).[2] The first three factors, above, weigh in favor of dismissal in light of the fact that Petitioner has not pursued this matter by filing a notice of his continued intent to prosecute this action, as directed by this Court. In addition, he has previously refused documents from the United States District Court for the Eastern District of California and, more recently, he has refused the Clerk's February 11, 2010 letter. The fourth factor also weighs in favor of dismissal because less drastic sanctions would have little impact in light of Petitioner's apparent lack of interest in this case. Although the fifth factor appears to weigh against dismissal, dismissal is appropriate in light of the other four factors. See Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in dismissing petition with prejudice where three of the five factors weighed in favor of dismissal). |

More than thirty days have passed since the Court issued its December 17, 2009 Order, and Petitioner has failed to communicate with the Court since his December 28, 2009 letter. A district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). See Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). The court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. See Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987).[2] The first three factors, above, weigh in favor of dismissal in light of the fact that Petitioner has not pursued this matter by filing a notice of his continued intent to prosecute this action, as directed by this Court. In addition, he has previously refused documents from the United States District Court for the Eastern District of California and, more recently, he has refused the Clerk's February 11, 2010 letter. The fourth factor also weighs in favor of dismissal because less drastic sanctions would have little impact in light of Petitioner's apparent lack of interest in this case. Although the fifth factor appears to weigh against dismissal, dismissal is appropriate in light of the other four factors. See Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in dismissing petition with prejudice where three of the five factors weighed in favor of dismissal).

In light of the foregoing, this action is hereby DISMISSED for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of the Court shall close the file and terminate any pending motions.

IT IS SO ORDERED.

DATED: 2/25/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] The court should also afford the litigant prior notice of its intention to dismiss, id. at 133, as this Court has done.

P:\PRO-SE\SBA\CR.09\Dukes5784.41(b)-DISMISSAL.wpd

| | |
|---|---|
| MELVIN DUKES, | Case Number: CV09-05784 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| E R JUNES et al, | |
| Defendant. | |

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 26, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Melvin Dukes D-33572
Salinas Valley State Prison (1050)
P.O. Box 1050
Soledad, CA 93960-1050

Dated: February 26, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.09\Dukes5784.41(b)-DISMISSAL.wpd